## Case No. 15,752.

### UNITED STATES v. MAY.

[3 Mason, 98.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1822.

CUSTOMS DUTIES—AD VALOREM—HOW CALCULATED — PURCHASE THROUGH AGENT.

1. By the revenue act of April 20, 1818, c. 74, § 4 [3 Story's Laws, 1680 (3 Stat. 434, c. 79)], in calculating duties on ad valorem goods, the actual cost is to be taken, including all charges except commissions, outside packages, and insurance.

2. If the importer actually pays commissions, the charge is excepted.

3. Nor is it any objection that an agent of the importer makes him debtor for the goods in the invoice, as bought of the agent, if in fact he has acted only as agent for the importer in the purchase.

Debt on a bond for duties. Plea, tender of amount of duties. Replication, that the sum tendered was less than the duties due, and issue thereon. Upon the trial it appeared that the defendant [Samuel May] was a hardware merchant in Boston, and the goods in question were sent to him, by his agent in England, by his order. The invoice, which was of articles of hardware, and the account current. debited the goods, as bought of the agent, and contained a charge of commissions of five per cent. It was proved to be the invariable usage in the hardware trade, a usage, which had existed for more than thirty years, and so long as

[1] [Reported by William P. Mason, Esq.]

any of the witnesses could remember, for the hardware merchants to send their orders to agents in Birmingham, Sheffield, &c., to procure their assortments of wares. The articles in these orders are numerous, and to be procured at different manufactories in different places, some of them distant from the place where the agent resides, and of most of them, even if the agent was a dealer in hardware, he would not ordinarily possess the sort and description wanted. On this account it is the usage, to allow the agent a commission of five per cent. on the amount of the invoices for his trouble and services. This is the lowest and the usual price. The agent pays for all the goods purchased, looking to his principal for reimbursement; and the sellers never look to the principal for payment. The invoices and accounts current are invariably made out by the agent, charging his principal as the debtor for goods bought of the agent, even when all the goods have been purchased of others expressly for the principal; and this usage is notorious to all the trade. The defendant's goods in this invoice were purchased by his agent in the usual manner. Upon this evidence, Mr. Blake, district attorney, for the United States, contended, that, notwithstanding the evidence, the charge of commissions was not allowable, as the party must be considered as selling the goods to the defendant. That the invoice was conclusive; that no person could charge commissions on goods sold by himself; and that duties ought therefore to be calculated on the invoice, with the addition of the commissions of five per cent.

Mr. Webster, for defendant, è contrà, contended, that if the five per cent. was bonà fide paid, as commissions, it was not to be included as part of the invoice value of the goods; and that the evidence of the usage in the case was decisive against the United States.

STORY, Circuit Justice (charging jury). This is a mere question of fact for the jury. The act of the 20th of April, 1818, c. 74, § 4, directs, that the duties on ad valorem goods shall be estimated upon the actual cost, including all charges, except commissions, outside packages, and insurance. There is no dispute as to the meaning of the word "commissions," nor is it susceptible of different meanings in the act. Whatever sum is bonà fide charged and paid, as commissions, is excepted. A mere charge of commissions, where none is paid, or by the nature of the case could be paid, is not within the intent of the statute. The charge, if made by the seller or buyer of the goods for the purpose of avoiding the payment of duties, is a fraud, and, as such, ought not to be allowed. What is the present case? The invoice and account current are made out in the usual form. Mr. May is made debtor to the agent for the goods; but this of itself

proves nothing, as to the mode in which, or the person of whom, they were bought. It is the general course in all cases of agency, where the agent pays for the goods, to make out the invoice and account current in this form; and it is in proof, that the goods were purchased for Mr. May in the usual manner, and the usual commissions ·are charged. Where the invoice contains a charge of commissions in the usual cases, this is primâ facie sufficient for the importer. If the charge is supposed to be wrong, the burthen of disproving it rests on the government. It is not to be presumed, that the importer will swear to a charge, that is known to him to be incorrect; and when he offers to take the usual oath as to his invoice, he affirms in the most solemn manner its genuineness and verity. As to the form, in which the invoice is made out, it is conclusive upon no person. If any thing is proved by it, it must be taken altogether. But it is certainly open to explanation; and the explanation given in evidence shows, that the truth of the case is, as the defendant has asserted it to be. The argument of the district attorney is, that the seller of goods cannot charge a commission on the sale; and if he does, it is in fact a part of the price. That may be true; but the question must still remain, whether he is in realty the seller, or a mere agent and broker of the importer. If in the particular case commissions are in fact paid, the law directs them not to be included in the valuation. The universal usage in the hardware trade is, to pay commissions. The reason is obvious. The articles in an assorted order or invoice are numerous. They are to be purchased in small parcels, often at great distances. and frequently at no inconsiderable trouble. If the agent happens to be a dealer in one article, and to have that on hand, he charges his principal only with the manufacturer's price, and thus puts him upon the same footing, as if he purchased of the manufacturer. And in point of fact, as all the witnesses state, it is now rare, from the subdivision of labor, for a broker or agent to keep any hardware goods to sell to his customers upon their orders. The commission of five per cent. on this invoice is the usual and lowest allowance. It is not doubted, that Mr. May has bonâ fide paid it, in the same manner, as all other merchants pay it. If so, the court sees no reason, why it should not be allowed to him. The sole question for the jury is, whether the charge was bonâ fide paid as commissions. If it was. the defendant has tendered all the duties he ought to pay. If it was not. then the verdict ought to be for the government.

The jury returned a verdict instanter for the defendant.

UNITED STATES v. The MAY. See Case No. 9,330.